**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY HUNT, | ) | Case No. 4:24-cv-1820 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Darrell A. Clay |
| WARDEN ANTHONY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Petitioner Anthony Hunt, a prisoner in State custody, filed a petition for a writ of habeas corpus pursuant. The Magistrate Judge recommends denying and dismissing the petition, and Petitioner objects to that recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the Report and Recommendation, and **DENIES** and **DISMISSES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In the report and recommendation, the Magistrate Judge set forth the history of this case. (ECF No. 15, PageID #1634–38.) In short, following a trial in State court, a jury convicted Mr. Hunt of two counts of felonious assault for twice shooting a victim who later died of her wounds. (ECF No. 6-1, PageID #212–16.) Throughout trial, Mr. Hunt maintained that he shot in self-defense. (*Id.*) Afterward, he unsuccessfully challenged his conviction through direct appeal in the Ohio courts.

(*See generally* ECF No. 6-1.) As a result of this conviction, Mr. Hunt is currently serving a sentence of 14 to 18 years in prison. (*Id.*, PageID #216.)

In his habeas petition, Petitioner raises two grounds for relief: (1) the trial court denied Petitioner due process by giving a jury instruction that arguably collapsed the distinction between the objective and subjective elements of self-defense under Ohio law, and (2) trial counsel's failure to object to portions of the prosecutor's closing argument that "conflated the objective and subjective elements of self-defense" constitutes ineffective assistance of counsel. (ECF No. 1, PageID #3; ECF No. 13, PageID #1618-22.) The Magistrate Judge recommends that the Court deny the first ground because the jury instruction did not violate clearly established federal law and deny the second ground because the prosecutor's statements were deemed proper under State law. (ECF No. 15, PageID #1641–48.)

Subsequently, Petitioner filed objections to the report and recommendation, raising the following objection:

> In his ruling recommending denial of the petition, the magistrate examined each of the two claims separately. While this deconstruction is ordinarily appropriate, it fails to take into account the combined effect of the two errors, one by the trial court in its instruction to the jury, the other by defense counsel in failing to object to the prosecution's statements. Those two errors combined to allow the the jury to believe that they could convict Hunt without engaging in analysis of the subjective component of self-defense.
>
> The magistrate found that neither of Hunt's claims were meritorious, and found there was no cumulative error as well. But the cumulative error doctrine presupposes unrelated assignments of error. . . . Here, the two allegations are intertwined. Separately, they may not constitute a due process violation entitling Hunt to habeas relief, but in combination they do.

(ECF No. 19, PageID #1660.)

objections in turn.

## STANDARD OF REVIEW

A district court judge may direct a Magistrate Judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by Local Rule, *see* L.R. 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Objections must be specific, not general, and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Upon review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's

report and recommendation de novo, based on the specific objections that Petitioner raises.

**ANALYSIS**

Where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). The writ tests the fundamental fairness of State court proceedings resulting in the deprivation of an individual's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts

that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases[,] but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

## CUMULATIVE ERROR

Petitioner argues that he is entitled to habeas relief because of the cumulative effect of the alleged errors, even if neither error supports relief independently. (ECF No. 19, PageID #1660.) On direct appeal, a criminal defendant may obtain a new trial based upon cumulative error by demonstrating "that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004). However, in the context of federal habeas review, under the law of this Circuit, "claims of cumulated trial errors are not cognizable." *Webster v. Horton*, 795 F. App'x 322, 327 (6th Cir. 2019) (citing *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006)).

Petitioner suggests that this principle does not apply where the allegations of error are legally or factually intertwined. (ECF No. 19, PageID #1660.) But the Sixth Circuit recognizes no such exception. *See e.g., Webster v. Horton,* 795 F. App'x 322, 327 (6th Cir. 2019) (dismissing a cumulative error claim as not cognizable where three allegations of error concerned the admission of related evidence); *Sheppard v. Bagley,* 657 F.3d 338, 348 (6th Cir. 2011) (dismissing a cumulative error claim as not cognizable where several allegations of error concerned the handling of mental health evidence).

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of appealability. The Sixth Circuit does not recognize the basis on which he objects to the Magistrate Judge's report and recommendation. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner has not made a substantial showing that he was denied any federal constitutional rights, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 19), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 15), and **DENIES** and **DISMISSES** the petition (ECF No. 1).

**SO ORDERED.**

Dated: September 28, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio